IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:92-cr-277-DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FELIPE ALMANZA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION

Before the Court are Defendant's Motions for the Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2). (Docs. ## 406, 407, 408.) After reviewing the motions and the parties' memoranda, the Court DENIES Defendant's Motions (Docs. ## 406, 407, 408).

BACKGROUND

On February 24, 1993, Defendant was charged in a 17-count indictment with various crimes relating to the possession, trafficking, and sale of controlled substances. Defendant pled not guilty to all counts. On December 16, 1993, a jury found Defendant guilty of eleven of the seventeen counts.

At the April 22, 1994 sentencing hearing, this Court determined that Defendant's total offense level was 42 and that his criminal history category was I,

resulting in an imprisonment range of 360 months to life according to the then-mandatory United States Sentencing Guidelines ("Guidelines").  The Court sentenced Defendant to six terms of 360 months imprisonment, two terms of 240 months imprisonment, and three terms of 49 months, with all sentences to run concurrently.

In November 2007, the United States Sentencing Commission enacted Amendment 706, which:  (1) reduced the now-advisory Guidelines offense level for drug distribution and conspiracy offenses involving cocaine base by two offense levels; and (2) provided that this amendment applied retroactively to defendants sentenced prior to the effective date of the amended guideline, i.e. March 3, 2008.  See U.S.S.G., Supplement to App. C, Amend. 706.

On December 28, 2007, Defendant, pro se, filed his First Motion to Reduce Sentence.  On July 23, 2008, the Government and the Defendant, who was represented by the Federal Public Defender, filed a Joint Stipulation for Discretionary Relief Under 18 U.S.C. § 3582(c).  (Doc. # 367.)  Pursuant to the Joint Stipulation, the parties agreed to recommend to the Court that Defendant's six concurrent 360-month terms of imprisonment be reduced to six concurrent 292-month terms pursuant to Amendment 706.  On July 30, 2008, Defendant filed a Motion to Dismiss Counsel and Motion to Withdraw from the Joint Stipulation.

On July 31, 2008, Defendant filed the Second Motion to Reduce Sentence, again seeking to have his sentence reduced under Amendment 706 and U.S.S.G. § 1B1.10 pursuant to 18 U.S.C. § 3582(c)(2).

On November 26, 2008, the Court issued an Order that, inter alia, granted Defendant's First Motion to Reduce Sentence. (Doc. # 382.) The Court found that Defendant was eligible for his 42 Offense Level to be lowered to an Offense Level of 40, placing his sentence within the new guideline range of 292 to 365 months. (Id. at 9.) Accordingly, the Court lowered Defendant's sentence to a term of 292 months.[1] (Id.)

On December 5, 2011 and February 22, 2012, Defendant filed the instant motions for a reduction in sentence pursuant to 18 U.S.C. § 3583(c)(2), based on Amendment 750.[2] The Federal Public Defender filed Counsel Notice of No Additional Filings in Response to Defendant's Motions on February 24, 2012.

---

[1] The Court also, inter alia, granted Defendant's motion to withdraw his signature from the Joint Stipulation, granted Defendant's motion to dismiss counsel, and denied as moot Defendant's second motion to reduce sentence. (Doc. # 382 at 11–12.)

[2] Defendant states that he seeks a sentence reduction "based on a ruling that was made on June 30, 2011, where the Sentencing Commission further decided that, effective November 1, 2011, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated."

(Doc. # 410.) In its Notice, the Public Defender stated that while Defendant qualifies for the reduction, the reduction will not reduce his present sentence from 292 months. (Id. at 2.) On March 2, 2012, the Government filed an Opposition to Defendant's Motions, also arguing that Defendant's motion must be denied because Amendment 750 does not lower the sentencing guidelines applicable to him. (Doc. # 411 at 6.)

DISCUSSION

"Generally, courts may not alter a term of imprisonment once it is imposed." United States v. Morales, 590 F.3d 1049, 1050 (9th Cir. 2010). However, 18 U.S.C. § 3582(c)(2) creates an exception:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Ninth Circuit precedent provides that a defendant must satisfy two requirements to be eligible for a sentence reduction under § 3582(c)(2): "(1) He must have been sentenced to a term of imprisonment based on a sentencing range that was later lowered by the Commission; and (2) the reduction must be consistent with the Commission's applicable policy statements." Morales, 590 F.3d at 1051 (citing United States v. Leniear, 574 F.3d 668, 672 (9th Cir. 2009)). If a defendant

4

fails to meet both elements, the district court lacks jurisdiction to consider a reduction. Id. (citing Leniear, 574 F.3d at 672–73). The Court finds that Defendant has not met these elements.

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010, which modified the penalties for crack cocaine offenses, reducing disparities between sentences involving crack and powder cocaine. The Act authorized the United States Sentencing Commission to amend the Guidelines to give effect to the Act on an emergency basis. The Sentencing Commission, pursuant to this power, effectuated Amendment 748 on November 1, 2010, which revised the penalties for crack cocaine offenses. On November 1, 2011, the Sentencing Commission effectuated Amendment 750, which made the Amendment 748 changes permanent. Amendment 750 was made retroactive by Amendment 759, thereby permitting defendants to move for sentence reductions under § 3582(c)(2) in appropriate circumstances.

Amendment 750, however, does not alter the Guidelines range for a defendant who was originally found responsible for at least 840 grams but less than 2.8 kilograms of crack cocaine. U.S.S.G. § 2D1.1(c)(3) (setting a base offense level of 34 for a quantity of at least 840 grams but less than 2.8 kilograms of cocaine base). See also App. C, Amend. 750 (stating that, "compared to the Drug

Quantity Table in effect from November 1, 2007 through October 31, 2010, the amendment does not lower the base offense levels, and therefore does not lower the sentences," for offenses involving quantities such as "at least 840 grams but less than 1.5 kilograms"). Here, Defendant was accountable for 1,259.9 grams of cocaine base. Although Amendment 750 revised the crack cocaine quantity tables, the guideline applicable to Defendant's 1,259.9 grams of crack still provides for a Base Offense Level 34. Because Defendant's Base Offense Level remains at 34, his Total Offense Level—after the upward adjustments applied at the original sentencing—remains at 40. Accordingly, Amendment 750 does not affect the sentencing range applicable to Defendant, and Defendant's 292-month sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Based on the foregoing analysis, Defendant is not eligible for further discretionary relief, and the Court DENIES Defendant's Motion for Sentence Reduction (Docs. ## 406, 407, 408).

//

//

//

//

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, November 15, 2012.

_____
David Alan Ezra
United States District Judge

United States of America v. Felipe Almanza, 2:92-CR-277 DAE (RJJ); ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION